IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARRY SINEX,
*as President of Sinex Transport, Inc.,*

                Plaintiff,

  v.                                                    ORDER

CANAL INSURANCE COMPANY,                         25-cv-114-jdp
PNW TRANSPORT INC., and
B&A TRANSPORT LLC

                Defendant.

---

Plaintiff Barry Sinex filed this case in state court, asserting various claims related to a motor vehicle accident and the subsequent insurance adjustment process. Defendant Canal Insurance Company removed to this court, relying on diversity of citizenship as the basis for jurisdiction. This order addresses three issues raised by the notice of removal and the initial motions filed by the parties.

First, there is a question about who the plaintiff is in this action. Sinex filed the complaint on behalf of himself "as President of Sinex Transport, Inc." But it is clear from the content of the complaint and from Sinex's motions that Sinex Transport is the real plaintiff, not Sinex individually. I will order the clerk of court to change the caption on the docket sheet. The parties should also identify Sinex Transport, not Mr. Sinex, as the plaintiff in future filings.

Second, Sinex moves to represent Sinex Transport pro se for the sole purpose of moving to remand the case to state court. Dkt. 14. I will deny the motion. Sinex is not an attorney, so he cannot appear on behalf of a corporation in federal court. *United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008).

Nevertheless, Sinex's motion to remand raises a third issue, which is whether this court has subject-matter jurisdiction. The motion to remand was not properly filed because it was not signed by an attorney. *See* Federal Rule of Civil Procedure 11(a). But I must independently raise issues of subject-matter jurisdiction even if they are not raised by the parties. *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). So I will address the jurisdictional issue raised by the motion to remand.

A federal court has jurisdiction on the basis of diversity when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Citizenship is not at issue here: the notice of removal adequately alleges that the plaintiff and defendants are citizens of different states. Dkt. 1, ¶¶ 11–15. The issue is with the amount in controversy. In a removed case, the amount in controversy is the "amount required to satisfy the plaintiff's demands in full . . . on the day the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006). The removing party bears the burden of establishing by a preponderance of the evidence that the amount-in-controversy requirement is met. *Carroll*, 658 F.3d at 680.

In the notice of removal, defendant Canal Insurance Company asserts that the amount in controversy is at least $86,233.36, based on allegations in the complaint of $10,833.36 in repair costs and $2,600 per day in lost business, lost lease income, and other expenses caused by the motor vehicle accident. Dkt 1, ¶ 17. Sinex says that Canal Insurance's calculations are incorrect and the amount-in-controversy is only $59,928.57. Dkt. 11.

I conclude that Canal Insurance has met its burden of establishing the jurisdictional amount. Canal Insurance's calculations are consistent with the allegations in the complaint. Dkt. 1, ¶ 17. If anything, Canal Insurance underestimated the amount in controversy, because

2

it calculated damages only to the day the complaint was filed, not the day it was removed, and because it did not include punitive damages, even though Sinex Transport requested them for its bad faith claim. *See Oshana*, 472 F.3d at 510–11 (amount in controversy is calculated on the day of removal, not when the complaint is filed); *Gavin v. AT & T Corp.*, 464 F.3d 634, 641 (7th Cir. 2006) (punitive damages are included in the amount in controversy). Sinex's calculation, on the other hand, is inconsistent with the complaint. Sinex omitted the $10,833.36 in repair costs alleged in the complaint, and he calculated damages for lost lease income at $900 per week, when the complaint alleges $900 per day in lost lease income. Dkt. 1-2, at 8. Further, even if Sinex's calculations were correct, his number is only $15,000 short of the jurisdictional amount. Punitive damages would get the case over the threshold.

I will deny the motion to remand for lack of subject-matter jurisdiction. As for next steps, the defendants have filed two motions to dismiss. Dkt. 8 and Dkt. 12. I will stay briefing on those motions to give Sinex Transport an opportunity to retain legal counsel. Sinex Transport will have until April 7, 2025, to appear by counsel and respond to defendants' motions to dismiss. Defendants will have until April 17, 2025, to reply. If Sinex Transport does not appear by counsel by April 7, I will dismiss the case.

ORDER

IT IS ORDERED that:

1. The caption is amended to reflect that Sinex Transport, Inc., not Barry Sinex, is the plaintiff in this case. The clerk of court is directed to change the caption on the docket sheet. The parties should also refer to Sinex Transport as the plaintiff in future filings.

2. Plaintiff Sinex Transport, Inc.'s motion to remand, Dkt. 11, and motion to represent Sinex Transport pro se, Dkt. 14, are DENIED.

3. Sinex Transport has until April 7, 2025, to appear by counsel and respond to defendants' motions to dismiss. Defendants have until April 17, 2025, to reply. If Sinex Transport does not appear by counsel by April 7, I will dismiss this case.

Entered March 6, 2025.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge